**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRODY DALTON BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>VALOR INTELLIGENT PROCESSING, LLC.,<br><br>Defendant. | No.  2:25-CV-03661-DJC-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion to remand, ECF No. 10. Defendant filed an opposition, ECF No. 12, and Plaintiff filed a reply, ECF No. 13. The parties appeared before the undersigned on March 4, 2026, 10:00 a.m. for a hearing via Zoom.  Plaintiff Brody Dalton Bailey appeared on his own behalf. Raymond Barkes, Esq., appeared for Defendant.

Plaintiff originally filed this action on November 24, 2025, in Tehama County Superior Court. See ECF No. 1-1. Defendant removed this action on December 18, 2025. See ECF No. 1. Plaintiff alleges violations of the Telephone Consumer Protection Act (TCPA), 42 U.S.C. §227 and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, seeking $10,000 in damages. See ECF No. 1-1, pg. 2. Defendant removed the action pursuant to federal question jurisdiction. See ECF No. 1, pg. 2. Plaintiff argues remand is proper because Plaintiff lacks Article III standing and therefore, the federal court lacks jurisdiction over the matter. See

1

ECF No. 10. According to Plaintiff, he originally filed the action in small claims court and only alleges "statutory violations without pleading any concrete, particularized injury-in-fact," which Defendant confirmed by asserting lack of standing as an affirmative defense, ECF No. 5, pg. 3. Id. at 2. Plaintiff makes the distinction between the statutory damages he seeks under TCPA and FDCPA, which he contends is insufficient to establish standing. Id.

Defendant opposes remand, arguing that jurisdiction is proper because Plaintiff alleges violation of federal law. See ECF No. 12. Defendant clarifies that in their answer, Defendant "states that Plaintiff has not *suffered* an injury, not that he has not *alleged* an injury." Id. at 2, n. 1 (emphasis in original). Defendant contends that the Ninth Circuit has held that by alleging violations of TCPA, the plaintiff established Article III standing. Id. at 3-4 (citing Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017)). According to Defendant, the Ninth Circuit has held similarly with regard to allegations of violation of FDCPA, concluding that such allegations allege actual harm. Id. at 4-5 (citing Six v. IQ Data Intl., Inc., 129 F.4th at 633). Defendant asserts that Plaintiff's allegations in this action are similar to those raised in Van Patten and Six. Id. at 5.

In Plaintiff's reply, Plaintiff contends that the case law cited by Defendant is "outdated [and] misapplied." ECF No. 13, pg. 1. Plaintiff argues that the case law cited by Defendant "ignores the Supreme Court's clear requirement in TransUnion LLC v Ramirez (2021) that concrete harm must be specifically alleged and pled in the complaint to establish Article III standing." Id. at 1-2 (citing TransUnion LLC v. Ramirez, 594 U.S. 413 (2021)). Plaintiff contends that Defendant's reliance on Six is misplaced because the claims there were not brought under the same provisions of the FDCPA that Plaintiff's claims arise. Id. at 2. Next, Plaintiff challenges Defendant's reliance on Romero v. Department Stores National Bank, as the case is unpublished, and was issued prior to TransUnion LLC. Id. at 3. Similarly, Plaintiff challenges Defendant's reliance on Van Patten because it was decided prior to TransUnion LLC and, according to Plaintiff, "[t]he Complaint here does not explicitly allege the type of harm required to satisfy TransUnion's pleading standard." Id. at 3-4.

Following the Supreme Court decision TransUnion LLC, in 2021, cited by

2

Plaintiff, the Ninth Circuit definitively held that "the receipt of unsolicited phone calls or text messages in violation of the TCPA is "a concrete injury in fact sufficient to confer Article III standing." Hall v. Smosh Dot Com, Inc., 72 F.4th 983, 985-86 (9th Cir. 2023) (citing Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017); Wakefield v. ViSalus, Inc., 51 F.4th 1109, 1117-18 (9th Cir. 2022); Chennette v. Porch.com, Inc., 50 F.4th 1217, 1222 (9th Cir. 2022)). The Ninth Circuit cited to Hall in Six, in support of the conclusion that the plaintiff there had standing to bring a claim under the FDCPA because the "receipt of the letter in alleged violation of § 1692c(a)(2) inherently violated Six's privacy, he has sufficiently alleged actual harm, rather than a 'conjectural' harm or 'bare procedural violation.'" Six v. IQ Data Int'l, Inc., 129 F.4th 630, 635 (9th Cir. 2025).

Though Plaintiff argues that the claim in Six arises from a different section of FDCPA than Plaintiff's claim, Plaintiff provides no explanation for why the determination of standing as to § 1692c(a)(2) would be different than that same determination for the section Plaintiff alleges was violated. Plaintiff contends that "the legal and factual posture of Six bears no resemblance to this action." ECF No. 13, pg. 2. However, while Six addresses standing with regard to alleged violations of a different provision of FDCPA than those at issue in Plaintiff's claim[1] there is no factual or legal reason that the analysis for standing would differ under a different provision of FDCPA. The Ninth Circuit held that:

> both Congress's judgment and a comparison to traditionally recognized harms establish that Six suffered a concrete injury when IQ sent him a letter. Furthermore, Six's harm is both particularized and actual. IQ's letter was delivered directly to Six, which affected him in a "personal and individual way." *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560 n.1). And because receipt of the letter in alleged violation of § 1692c(a)(2) inherently violated Six's privacy, he has sufficiently alleged actual harm, rather than a "conjectural" harm or "bare procedural violation." *Compare Spokeo*, 578 U.S. at 342 (noting that a formatting error in violation of the Fair Credit Reporting Act may not result in actual harm), *with Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 988 n.5, 991 (9th Cir. 2023) (finding that a violation of TCPA § 227(c) for texting a phone number on the Do-Not-Call Registry established actual harm because an unsolicited text is inherently an invasion of privacy).
>
> Six v. IQ Data Int'l, Inc., 129 F.4th 630, 635 (9th Cir. 2025)

---

[1] The Court notes that Plaintiff never identifies which provision of FDCPA Plaintiff's claims arise.

3

As the Ninth Circuit found there, Plaintiff alleges a concrete injury, receiving text messages, which are particularized and actual, as the texts were delivered to Plaintiff. Further, the Ninth Circuit in Six cited their holding in Hall, which addressed standing under TCPA, indicating that the reasoning is not isolated to the specific provision upon which Plaintiff Six raised his claim, but rather, a principle courts can rely when determining whether a plaintiff has standing when alleging a statutory violation.

Based on the foregoing, the undersigned recommends that Plaintiff's motion to remand, ECF No. 10, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 5, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4